RIERA HERMANOS *v.* IGLESIAS ET AL.

APELACIÓN procedente de la Corte de Distrito de

San Juan.

No. 70.    Resuelto en Marzo 27, 1905.

OBLIGACIONES.—INTERESES USURARIOS.—NULIDAD DE LA OBLIGACIÓN.—Toda persona que exigiere ó recibiere, por dinero ó mercancías, un tipo de interés mayor que el de doce por ciento anual infringe la Ley de 1 de Marzo de 1902, que fijó el tipo de interés legal, y el contrato es completamente nulo en todos sus efectos, aun cuando el tipo de interés usurario, que se hubiere pactado, no aparezca consignado en el documento mismo.

ID.—OBLIGACIONES NO DECLARADAS Á LOS EFECTOS DE LAS CONTRIBUCIONES.—El art. 301 del Código Político ha sido derogado por la Ley de 10 de Marzo de 1904, para enmendar el Título IX del mismo Código, y ya no es obstáculo para la reclamación del importe de un pagaré por la vía judicial, que tal pagaré no hubiere sido declarado en planilla á los efectos de la contribución.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Alvarez Nava.*

Abogado de los apelados: *Sr. Freyre Barbosa.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del Tribunal.

En el mes de Abril de 1904 la firma de Riera Hermanos entablaron demanda en la Corte Municipal de San Juan contra Ignacio Arturo Iglesias y Cármen Iglesias con motivo de un pagaré de setenta dollars ochenta y cinco centavos ($70.85) y los intereses devengados.

En el acto de la vista Ignacio Arturo Iglesias confesó que había dado el pagaré, pero dijo que había pagado en calidad de intereses sobre el mismo la suma de dos dollars doce centavos ($2.12) mensualmente, ó sea á razón del treinta y seis por ciento (36%) anual, mientras que se había convenido en el tipo legal del seis por ciento (6%) anual, y que había pagado veinte dollars cincuenta y siete centavos ($20.57) más de lo que debía haber pagado, y que sólo quedaba debiendo cincuenta y cinco dollars quince centavos ($55.15) cuya suma depositó en poder de la Corte para esperar el resultado del juicio.

Durante el curso de los procedimientos el demandado suplicó á la Corte que anulase la obligación por haber cobrado y estipulado en un nuevo contrato intereses ilegales, y al practicarse la prueba los demandados presentaron un certificado del Tesorero de Puerto Rico al efecto que los demandantes no habían presentado el pagaré de setenta dollars ochenta y cinco centavos ($70.85) que motivó el pleito para su tasación en la planilla correspondiente.

La Corte Municipal de San Juan en 26 de Mayo de 1904, dictó sentencia declarando nulo el citado pagaré y desestimando la demanda que se entabló para el cobro del mismo, ordenando además que se le devolviera al demandado el depósito que había hecho.

En apelación ante la Corte de Distrito de San Juan dicha sentencia fué revocada en 23 de Septiembre de 1904, mandando dicha Corte que el demandado pagara á la firma demandante la suma de setenta dollars ochenta y cinco centavos ($70.85) el valor nominal del pagaré, con intereses á razón del doce por ciento (12%) anual, desde el día 27 de Febrero de 1904.

Contra dicha sentencia de la Corte de Distrito el demandado Iglesias en 10 de Octubre de 1904 interpuso recurso de apelación. El apelante basa su recurso en dos fundamentos, los que son: (1) Que siendo el pagaré un contrato por el cual fué cobrado y estipulado un tipo de interés mayor al que permite la ley, es nulo y sin ningún efecto; (2) Que no puede prosperar una demanda para el cobro del valor de un pagaré que no haya sido presentado para su tasación en la planilla correspondiente, para el pago de las contribuciones que le correspondiera.

Examinaremos estas proposiciones en su orden. La primera alegación de usura se funda en la sección 4 de la Ley de la Asamblea Legislativa aprobada en primero de Marzo de 1902, siendo la sección 362 de los Estatutos Revisados de Puerto Rico. Dicha sección á la letra dice:

"Sección 4.—(362.—Excepto como queda autorizado por la sección 3a. de esta ley, ninguna persona podrá exigir ó recibir, directa ó indirectamente, dinero ó mercancías, ni por comisión ó descuento, ó ni otra forma cualquiera, un tipo de interés mayor por el préstamo ó la prórroga de algún dinero, que el tipo fijado por la presente.

Cualquier contrato en el cual directa ó indirectamente se reserve, acepte ó asegure ó se comprometa á reservar, aceptar ó asegurar, un tipo de interés mayor que el que se permite por esta Ley, es completamente nulo; y el Tribunal competente en un juicio adecuado, podrá suspender el cobro de dicho interés, ó cualquier procedimiento para hacer cumplir el contrato, y podrá ordenar que el contrato original quede anulado; y para conceder esta reparación no se impondrá como requisito que se pague la suma principal, ni sus intereses, ni parte ninguna de éllos."

Aparece que en el pagaré motivo de la demanda no se fija tipo de interés, pero después el demandado escribió una carta al demandante en la cual confesaba que tenía obligación de pagar intereses á razón del tres por ciento mensual (3%), habiéndose probado que vino pagando dicho tipo de interés hasta el día 20 de Febrero de 1904.

De una lectura de la referida Ley anteriormente reproducida, aparece claramente que no es necesario que el tipo usurario se especifique en el documento, contrato, ó pagaré, sino que toda persona que exigiere ó recibiere directa ó indirectamente, dinero ó mercancías, á un tipo de interés mayor que el del doce por ciento (12%) anual, infringe la ley, y que cualquier contrato por el cual, ó en el cual se reservare, aceptare ó asegurare directa ó indirectamente un tipo de interés mayor que el del doce por ciento (12%) anual, es completamente nulo.

A nosotros nos parece que una ley escrita en palabras tan claras é inteligibles como la que trata de usura en Puerto Rico, no necesita interpretación alguna. Es claramente la intención de la Legislatura que el tipo de interés en esta Isla sea limitado al doce por ciento (12%) anual y que todo contrato que especifique un tipo mayor,

ó por el cual se recibe un tipo de interés mayor, queda por la misma anulado por infracción de la Ley.

Habiéndose probado claramente en este caso que el tres por ciento (3%) mensual fué pagado y recibido, el contrato ó pagaré por virtud del cual se pagó dicho interés ilegal, quedó el mismo nulo y sin efecto, y no puede prosperar la demanda de la cual es objeto.

En cuanto al segundo punto que alega el recurrente, es igualmente claro que la demanda entablada con motivo de dicho pagaré, que no había sido presentado para su tasación con fines contributivos, no podía prosperar en la época en que se entabló la demanda. Esto está consignado claramente en el artículo 301 del Código Político.

Pero este artículo fué derogado por la Ley del 10 de Marzo de 1904 titulada "Ley para Enmendar el Título IX del Código Político y para otros fines." Véase la sección 12 de dicha Ley en la página 154 de los Estatutos de Puerto Rico aprobada en 1904. Así es que el apelante no puede valerse del segundo punto alegado por él para revocar la sentencia.

Por los motivos expuestos anteriormente en cuanto al interés usurario la sentencia de la Corte de Distrito de San Juan, dictada en esta causa en el día 23 de Septiembre de 1904 debe revocarse, con las costas de esta apelación, así como las de la Corte inferior, contra los demandantes y apelados en este Tribunal.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y Figueras.

El Juez Asociado Sr. Wolf no formó tribunal en la vista de este caso.